(Reap. Dec. 10877)

NAFTONE INTERNATIONAL CORP. *v.* UNITED STATES

Entry No. 744520.

(Decided January 6, 1965)

*Eugene R. Pickrell* for the plaintiff.

*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, subject to the approval of the Court, that:

1. The merchandise marked "A" and initialled JJO by Examiner J. J. O'Connor, Jr. on the invoice covered by the appeal for reappraisement herein and designated on the invoice as Copyrapid Fixing Lacquer, was appraised on the basis of cost of production of DM 8.60 per 500 ccm; the weight of this unit being 2 ounces, and classified under Paragraph 28(a) of the Tariff Act of 1930 as a photographic chemical at 6¢ per pound and 38% ad valorem;

2. Such or similar merchandise to the merchandise herein is not produced and sold for home consumption in the United States;

3. The price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods, was $1.42 per 500 ccm.

IT IS FURTHER STIPULATED AND AGREED that this appeal for reappraisement be submitted on this stipulation.

On the agreed facts, I find and hold United States value, as that value is defined in section 402(e) of the Tariff Act of 1930, as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was $1.42 per 500 ccm.

Judgment will be rendered accordingly.